IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

Criminal No. 3:20-*cr-17*

BRADLEY J. CHARLTON
JOHN P. STUART

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Maureen Sheehan-Balchon, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A two-count Indictment was filed against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT(S) |
|---|---|---|---|
| 1 | Conspiracy, from on or about August 1, 2016, to October 3, 2018 | 18 U.S.C. § 371 | CHARLTON STUART |
| 2 | Interstate Transportation of Stolen Property, from on or about August 1, 2016, to October 3, 2018 | 18 U.S.C. §§ 2 and 2314 | CHARLTON STUART |

### II. ELEMENTS OF THE OFFENSES

**A.** **As to Count 1:**

In order for the crime of Conspiracy, in violation of Title 18, United States Code, Section 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit an offense against the United States, as charged in the Indictment.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged coconspirator to achieve those objectives.

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the conspiracy. Third Circuit Model Criminal Jury Instruction No. 6.18.371A

**B.    As to Count 2:**

In order for the crime of Interstate Transportation of Stolen Property, in violation of Title 18, United States Code, Sections 2 and 2314, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant transported, caused to be transported, transmitted or transferred in interstate commerce, items of stolen, converted or fraudulently obtained property as described by the Indictment.

2. At the time of such transportation, the defendant knew that the property had been stolen, converted or taken by fraud.

3. That the items had a value of $5,000 or more.

Authority: Title 18, United States Code, Section 2314, Pattern Criminal Jury Instructions, 10th Circuit 2.82 (2011).

## III. PENALTIES

**A.    As to Count 1: Conspiracy (18 U.S.C. § 371):**

1.    The maximum penalties for individuals are:

    (a)    imprisonment for not more than five (5) years (18 U.S.C. § 371);

    (b)    a fine not more than the greater of;

        (1)    $250,000 (18 U.S.C. § 3571(b)(3));

        (2)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    (c)    a term of supervised release of not more than three (3) year (18 U.S.C. § 3583);

    (d)    Any or all of the above.

**B.    As to Count 2: Interstate Transportation of Stolen Property (18 U.S.C. §§ 2 and 2314):**

1.    The maximum penalties for individuals are:

    (a)    imprisonment for not more than ten (10) years (18 U.S.C. § 2314);

    (b)    a fine not more than the greater of;

        (1)    $250,000 (18 U.S.C. § 3571(b)(3));

        (2)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the

sentencing process (18 U.S.C. § 3571(d));

      (c)      a term of supervised release of not more than three (3) year (18 U.S.C. § 3583);

      (d)      Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $200.00 must be imposed, pursuant to 18 U.S.C. § 3013, as the offense occurred on or after April 24, 1996.

## V. RESTITUTION

Restitution is applicable in this case.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*[signature]*

MAUREEN SHEEHAN-BALCHON
Assistant U.S. Attorney
PA ID No. 78059

4